# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

Jose R. Alcantara and Wendy Alcantara,

    Debtors.

Case No. 8:07-bk-00100-PMG

Jose R. Alcantara and Wendy Alcantara,
each individually and on behalf of all others
similarly situated,

Adv. No. 8:07-ap-0221-PMG

    Plaintiffs,

vs.

**CLASS REPRESENTATION**

Citimortgage, Inc,

    Defendant.

_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated, and by and through undersigned counsel, hereby sue Defendant Citimortgage, Inc., and allege as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§1334, 105, 151 and 157.  As to all causes of action, this is a core proceeding pursuant to 28 U.S.C. §157(b).

2.    Venue is proper in this district pursuant to 28 U.S.C. §1409.

**PARTIES**

3. Plaintiffs, Jose R. Alcantara and Wendy Alcantara, are residents of the State of Florida and are the debtors in Case No. 8:07-bk-00100-PMG.

4. Defendant Citimortgage, Inc. ("Citimortgage") is a corporation doing business in the State of Florida.

**INTRODUCTION**

5. Plaintiffs, the Alcantaras, filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in this Court on or about January 5, 2007.

6. As of the date of filing the petition, Plaintiffs were indebted to Defendant as the result of a secured mortgage lien debt on property owned by Plaintiffs.

7. Defendant has at all times relevant hereto known of the pendancy of Plaintiffs' bankruptcy action because, among other things, it was listed as a creditor by Debtors, placed on the mailing matrix, and received notifications as a result thereof.

8. This is a consumer class action seeking actual and punitive damages against Defendant as a result of its violations of the automatic stay of 11 U.S.C. § 362(a)(6) for collection practices regarding consumer mortgagors in Chapter 13 Bankruptcy proceedings, and seeking an injunction to prohibit Defendant from continuing its violative conduct. Specifically, this class action arises from Defendant's practices of sending collection letters, misleading mortgage statements to debtors, and wrongfully reporting incorrect derogatory information on the debtors' credit reports in violation of the automatic stay.

9. During the course of the Alcantaras' bankruptcy, Defendant sent at least one collection letter to the Alcantaras seeking to collect a debt that is the subject of the

automatic stay. A true and correct copy of that letter is attached hereto as Exhibit A and is referred to hereafter as the "Collection Letter."

10.     During the course of the Alcantaras' bankruptcy, Defendant sent at least one mortgage statement to the Alcantaras seeking to collect a debt that is the subject of the automatic stay along with delinquency expenses, servicing fees and late charges, and specifically stating that Plaintiffs must "pay the full amount today." A true and correct copy of that letter is attached hereto as Exhibit B and is referred to hereafter as the "Misleading Mortgage Statement".

11.     During the course of the Alcantaras' bankruptcy, Defendant has misreported to at least one credit reporting agency that the amount due to Defendant from the Alcantaras on the mortgage lien debt is "unknown" when in fact, Defendant is aware that the Alcantaras have surrendered the property and the mortgage lien debt is zero.

12.     Plaintiffs bring this action individually and on behalf of all persons who are members of the three sub-classes defined as: 1) The Collection Letter sub-class consisting of all individuals a) who have filed a Chapter 13 bankruptcy petition in the Middle District of Florida Bankruptcy Court; b) to whom Defendant sent letters in substantially the form of the Collection Letter during the applicable limitations period; and c) while the individual's bankruptcy case was pending;  2) The Misleading Mortgage Statement sub-class consisting of all individuals a) who have filed a Chapter 13 bankruptcy petition in the Middle District of Florida Bankruptcy Court; b) to whom Defendant sent a mortgage statement in substantially the form of the Misleading Mortgage Statement during the applicable limitations period; and c) while the individual's bankruptcy case was pending; and 3) The Misreported Credit Information

sub-class consisting of all individuals a) who have filed a Chapter 13 bankruptcy petition in the Middle District of Florida Bankruptcy Court; b) that have mortgage lien debt to Defendant but who have surrendered the underlying real property or otherwise lost it in foreclosure; c) regarding whom Defendant has misreported reported the outstanding amount of the obligation as anything other than zero during the applicable limitations period; and d) while the individual's bankruptcy case was pending. Specifically excluded from the class are employees, officers and directors of Defendant, the presiding judge and employees of the Court, and individuals to whom such Collection Letters and Misleading Mortgage Statements were sent but returned to Defendant undelivered by the post office. See, e.g. *Fuller v. Becker & Poliakoff*, 179 F.R.D. 697 (M.D.Fla. 2000).

## CLASS ACTION ALLEGATIONS

13. Plaintiffs bring a class action claim against Defendant pursuant to Rule 7023 of the Bankruptcy Rules which incorporates by reference Rule 23 of the Federal Rules of Civil Procedure.

14. The class definition set forth above is subject to amendment upon completion of discovery.

15. Each sub-class is so numerous as to make joinder impossible or impracticable. Plaintiffs believe that there are hundreds if not thousands of class members to whom a Collection Letter or Misleading Mortgage Statement was sent by Defendant or for whom Defendant Misreported Credit Information. The precise number of class members can be established through Defendant's records.

16. Plaintiffs' claims against Defendant involve questions of law and fact common to each sub-class, because Plaintiffs and the other members of the sub-class

were subject to Defendant's practice of sending a Collection Letter to debtors, its practice of sending a Misleading Mortgage Statement to debtors, and its practice of Misreporting Credit Information. Plaintiffs and the members of each sub-class are entitled to injunctive relief to prevent, and to recover actual and punitive damages as a result of Defendant's conduct in violation of the automatic stay set forth in 11 U.S.C. § 362(a)(6) pursuant to 11 U.S.C. § 362(k), 11 U.S.C. § 105 and other applicable law.

17. Common questions of law and fact exist as to all members of each sub-class and predominate over any questions affecting solely individual members of each sub-class. Among the questions of law and fact common to the claims of the members of the Collection Letter sub-class are:

a. Whether transmission of the Collection Letter is a violation of the automatic stay provided by 11 U.S.C. § 362(a)(6).

b. Whether the class members suffered actual damages and punitive damages as a result of Defendant's Collection Letter and if so, the proper measure thereof.

c. Whether the class members are entitled to injunctive relief prohibiting the challenged practices and enjoining such practices in the future;

18. Among the questions of law and fact common to the claims of the members of the Misleading Mortgage Statement sub-class are:

a. Whether transmission of the Misleading Mortgage Statement is a violation of the automatic stay provided by 11 U.S.C. § 362(a)(6).

b. Whether the class members suffered actual damages and punitive damages as a result of Defendant's Misleading Mortgage Statement and if so, the proper measure thereof.

    c.   Whether the class members are entitled to injunctive relief prohibiting the challenged practices and enjoining such practices in the future.

19.   Among the questions of law and fact common to the claims of the members of the Misreporting to Credit Agencies sub-class are:

    a.   Whether the Misreporting to Credit Agencies is a violation of the automatic stay provided by 11 U.S.C. § 362(a)(6).

    b.   Whether the class members suffered actual damages and punitive damages as a result of the Defendant's Misreporting to Credit Agencies and if so, the proper measure thereof.

    c.   Whether the class members are entitled to injunctive relief prohibiting the challenged practices and enjoining such practices in the future

20.   Plaintiffs' claims are typical of the claims of the members of each respective sub-class, because Plaintiffs and the members of each sub-class were similarly exposed to Defendant's practices of sending the Collection Letter, sending the Misleading Mortgage Statement, and Misreporting to Credit Agencies, respectively.

21.   Plaintiffs will fairly and adequately protect the interests of each sub-class. Plaintiffs have no conflict of interest with other class members in the maintenance of this class action. In addition, Plaintiffs have no relationship with Defendant except that of bankruptcy debtors and creditor. Plaintiffs will vigorously pursue the claims of each class member.

22.   Plaintiffs have retained counsel competent and experienced in class action and consumer rights litigation.

23. The sub-classes as defined herein is properly certified pursuant to Rule 7023(b)(2) of the Bankruptcy Rules. The Defendant has acted on grounds generally applicable to each sub-class, in that it has acted in a uniform manner with respect to all members of that sub-class, and a primary goal of this litigation is injunctive relief.

24. The sub-classes as defined herein are properly certified pursuant to Rule 7023(b)(3) of the Bankruptcy Rules because common questions of fact and law predominate this litigation and because a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The monetary damage suffered by individual class members is relatively small and the expenses and burden of individual litigation make it impracticable for the class members to individually seek redress for the wrongs done to them. Plaintiffs believe that most class members, to the extent they are aware of their rights against Defendant as alleged herein, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of individual damages, and that a class action is the only feasible means of recovery for the class members and to officially enjoin further violations of the automatic stay. Individual actions would also present a risk of inconsistent decisions, even though Defendant's conduct has been uniform with respect to each class member.

25. Plaintiffs envision no difficulty in the management of the class.

26. Adequate notice can be given to class members by mail, email and/or publication utilizing the records of Defendant to ensure notice.

27. Plaintiffs have retained the undersigned counsel to prosecute this action and are entitled to the recovery of their reasonable attorneys' fees.

## COUNT I – VIOLATION OF THE AUTOMATIC STAY:

### Collection Letters

28.     Plaintiffs incorporate paragraphs 1 – 27 as if fully set forth herein.

29.     This is an action for damages against Defendant pursuant to 11 USC § 362(k) for violation of the automatic stay.

30.     At all times relevant hereto, Defendant was informed of the existence of Plaintiffs' bankruptcy case and aware that the automatic stay provided by 11 U.S.C. § 362(a)(6) prohibited Defendant from taking efforts to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

31.     Notwithstanding its knowledge of the existence of the bankruptcy case and the stay imposed by the bankruptcy code, Defendant has violated the automatic stay by sending post-petition correspondence in the form of the Collection Letter to Plaintiffs by which Defendant attempted to collect the debt owed to Defendant.

32.     While the stay was modified to permit certain contact with the debtor, this contact was not authorized, in fact it was expressly forbidden.

33.     As a result of Defendants violations of the automatic stay, Plaintiffs have suffered damages and incurred attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and the sub-class, pray for judgment providing the following relief:

    a. Certification of the Collection Letter sub-class of debtors as set forth hereinabove;

    b. the award of actual damages;

    c. the award of punitive damages upon a proper showing;

    d. injunctive relief prohibiting Defendant from continuing its practice of sending the Collection Letter to debtors in bankruptcy proceedings pursuant to Bankruptcy Rule 7023, 11 U.S.C. § 105;

    e. the recovery of all attorneys' fees, costs and expenses of conducting this action; and

    f. all such further relief that this Court deems just and proper.

## COUNT II – VIOLATION OF THE AUTOMATIC STAY:
### Misleading Mortgage Statements

34. Plaintiffs incorporate paragraphs 1 – 27 as if fully set forth herein.

35. This is an action for damages against Defendant pursuant to 11 USC § 362(k) for violation of the automatic stay.

36. At all times relevant hereto, Defendant was informed of the existence of Plaintiffs' bankruptcy case and aware that the automatic stay provided by 11 U.S.C. § 362(a)(6) prohibited Defendant from taking efforts to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

37. Notwithstanding its knowledge of the existence of the bankruptcy case and the stay imposed by the bankruptcy code, Defendant has violated the automatic stay by sending post-petition correspondence in the form of the Misleading Mortgage Statements to Plaintiffs by which Defendant attempted to collect the debt owed to Defendant.

38. As a result of Defendants violations of the automatic stay, Plaintiffs have suffered damages and incurred attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and the sub-class, pray for judgment providing the following relief:

a. Certification of the Misleading Mortgage Statement sub-class of debtors as set forth hereinabove;

b. the award of actual damages;

c. the award of punitive damages upon a proper showing;

d. injunctive relief prohibiting Defendant from continuing its practice of sending the Misleading Mortgage Statement to debtors in bankruptcy proceedings pursuant to Bankruptcy Rule 7023, 11 U.S.C. § 105 and other applicable law;

e. the recovery of all attorneys' fees, costs and expenses of conducting this action; and

## COUNT III – VIOLATION OF THE AUTOMATIC STAY:
### Misreporting to Credit Agencies

39. Plaintiffs incorporate paragraphs 1 – 27 as if fully set forth herein.

40. This is an action for damages against Defendant pursuant to 11 USC § 362(k) for violation of the automatic stay.

41. At all times relevant hereto, Defendant was informed of the existence of Plaintiffs' bankruptcy case and aware that the automatic stay provided by 11 U.S.C. § 362(a)(6) prohibited Defendant from taking efforts to "collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

42. Notwithstanding its knowledge of the existence of the bankruptcy case and the stay imposed by the bankruptcy code, Defendant has violated the automatic stay by post-petition misreporting of the status of Plaintiffs debt to at least one credit reporting agency in an effort to collect the debt.

43. Specifically, despite the fact that Plaintiff has surrendered the real property securing their mortgage lien debt to Defendant, it has failed to accurately report to credit reporting agencies that the amount due and owing is zero but instead reports that the amount due and owing is "unknown."

44. As a result of Defendants violations of the automatic stay, Plaintiffs have suffered damages and incurred attorneys' fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and the sub-class, pray for judgment providing the following relief:

g. Certification of the Misreporting to Credit Agencies sub-class of debtors as set forth hereinabove;

h. the award of actual damages;

i. the award of punitive damages upon a proper showing;

j. injunctive relief prohibiting Defendant from continuing its practice of Misreporting to Credit Agencies pursuant to Bankruptcy Rule 7023, 11 U.S.C. § 105 and other applicable law;

k. the recovery of all attorneys' fees, costs and expenses of conducting this action;

l. and all such further relief that this Court deems just and proper.

Respectfully submitted,

/s/ Richard J. McIntyre
RICHARD J. MCINTYRE
Florida Bar No. 0962708
JOHN F. PANZARELLA
Florida Bar No. 0068306
THE McINTYRE LAW FIRM, P.L.
6987 E. Fowler Avenue
Temple Terrace, Florida  33617
(813) 899-6059
(813) 899-6069 (Facsimile)
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2007 a true and correct copy of the AMENDED CLASS ACTION COMPLAINT was furnished via First Class U.S. Mail and facsimile to (727) 502-8955 **Joey E. Schlosberg, Esquire**, Ruden, McClosky, Smith, Schuster & Russell, P.A., 150 2nd Avenue North, Suite 1700, St. Petersburg, Florida 33701.

/s/ Richard J. McIntyre
RICHARD J. MCINTYRE
Florida Bar No. 0962708
rich@mcintyre-lawfirm.com
JOHN F. PANZARELLA
Florida Bar No. 0068306
john@mcintinyre-lawfirm.com
THE McINTYRE LAW FIRM, P.L.,
6987 E. Fowler Avenue
Temple Terrace, Florida  33617
(813) 899-6059
(813) 899-6069 (Facsimile)